

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-17-00203-CR

_____

SANDRA LEE MARTIN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court No. 55,227-A

---

Before Michael Massengale (Former Justice, Sitting by Assignment);
Kerr and Birdwell, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant was originally charged with three counts of possessing with intent to deliver a controlled substance, namely methamphetamine, in an amount of 4 grams or more but less than 200 grams. *See* Tex. Health & Safety Code Ann. § 481.112(d). In each count the State alleged that appellant committed the offense in, on, or within 1,000 feet of real property that was owned, rented, or leased to a school. *See id.* § 481.134(c)(1). In return for appellant's guilty plea on two counts, the State moved to dismiss the third count and a separate charge (cause no. 57,270). For the remaining counts, the State further agreed not to seek a drug-free zone enhancement, which would have increased the minimum term of confinement or imprisonment by five years and doubled the maximum fine for the offenses. *See id.* The trial court found appellant guilty on both counts and sentenced her to fifteen years' imprisonment on each count, with the sentences to run concurrently. The trial court's certification of appellant's right to appeal indicated that this case is not a plea-bargain case and that appellant had the right of appeal. *See* Tex. R. App. P. 25.2(a)(2).

When we have a record, we are obligated to review it to ascertain whether the certification of right to appeal is defective. If it is defective, we must use Rules 34.5(c) and 37.1 to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* Tex. R. App. P. 34.5(c), 37.1. Accordingly, we abated this appeal and remanded the cause to the trial court for further proceedings.

2

On remand, the trial court conducted a hearing with the attorneys present and found that appellant had entered into a charge bargain that qualified as a plea bargain under Rule 25.2(a). Tex. R. App. P. 25.2(a)(2). The trial court denied permission to appeal and signed an amended certification of appellant's right to appeal, stating that this is a plea-bargain case, and appellant has no right of appeal. *See id.*

Because appellant has no right of appeal, we dismiss the appeal in conformity with the amended certification of appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 2, 2019